UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER FRANCO,<br><br>Plaintiff,<br><br>v.<br><br>LEVIN, et al.,<br><br>Defendants. | CASE NO. 1:19-cv-0764 JLT (PC)<br><br>**ORDER VACATING ORDER TO SHOW CAUSE;**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br>(Docs. 2, 11)**<br><br>**FOURTEEN-DAY DEADLINE** |

Previously, the Court direct plaintiff to show cause why his application to proceed in forma pauperis should not be denied considering that the Certificate of Funds in Prisoner's Account submitted in support of plaintiff's application to proceed *in forma pauperis* revealed average deposits each month totaling $160, and an average monthly prisoner balance of $160. (Docs. 2, 11.) Additionally, the Inmate Statement Report submitted by the California Department of Corrections and Rehabilitation shows an account balance fluctuating between $57.46 and $641.61. (Doc. 8.) Plaintiff has not responded to the order to show cause, and the time for doing so has now passed.

As the Court informed plaintiff, proceeding "*in forma pauperis* is a privilege not a right."

1

Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). Though a party need not be completely destitute to proceed in forma pauperis, Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948), "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Alvarez v. Berryhill, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (citing Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984)). "[T]he court shall dismiss the case at any time if the court determines the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). It appears that plaintiff has had sufficient funds over the last several months to be required to pay the filing fee in full to proceed in this action, but he chose to spend his money elsewhere. Accordingly, the Court **ORDERS** as follows:

1. The order to show cause is **VACATED;**
2. The Clerk of Court is directed to assign a district judge to this case; and

The Court **RECOMMENDS** that plaintiff's application to proceed *in forma pauperis* be **DENIED** and plaintiff be required to pay the filing fee in full before proceeding with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 14, 2020**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE